## THE NARANJA.

(District Court, S. D. New York.   September 18, 1900.)

SHIPPING—DELIVERY OF CARGO—SHORTAGE.

> A bill of lading for a shipment of almonds in bags required the consignees to receive the goods as delivered over the ship's side, and further provided that notice of any claim should be given within 24 hours after discharge. Although having due notice, the consignees did not appear until three days after the discharge had commenced, and on the day it was completed, and did not count the bags until four days later. Several weeks afterwards a claim was made of a shortage of several bags. *Held*, that under the terms of the contract and the facts shown the vessel was not liable for the shortage, it being shown that all the bags shipped were delivered on the dock.

In Admiralty.   Suit to recover for shortage in delivery of cargo.

Ritch, Woodford, Bovee & Wallace, for libelants.

Convers & Kirlin, for respondent.

BROWN, District Judge.   By the agreement in the bill of lading, the consignees were to appear and receive delivery of the goods as they were put over the ship's side.   They had ample means of knowing the time and place of discharge.   They did not appear at the dock until three days after the discharge began, and on the day the discharge was completed.   From that time at least the delivery of the goods is to be deemed made to them and subject to the libelants' risk.   The object of the stipulation was to require the consignees to take the care and risk of their goods from the time they went over the ship's side, and to relieve the ship of that burden.   The further proviso that no claim should be made unless notice thereof was given within 24 hours after discharge, with particulars in 10 days, was that the ship might have early and contemporaneous notice of the claim in order to protect herself.   This bound the consignees to examine their goods at once so far as practicable.   As to the number of bags, this was entirely practicable.   The consignees, however, made no examination apparently in their own behalf, but merely took the footing up of the number that was taken away by them during four days subsequent up to the 18th, and now claim for 48 bags which they did not find. To sustain this claim would be to place the whole burden and risk of the care of the bags upon the vessel during these four days, when the goods were in legal effect in the possession of the consignees subject only to the detention by the custom-house authorities for the purpose of weighing.   The proof shows that all the bags shipped were landed on the dock.   How or when 48 bags got astray, whether mistakenly rode away by other cartmen during the four days, or stolen, does not appear; and no "claim" was made until several weeks after the stipulated time for doing so had expired. The vessel sailed shortly after the discharge was completed.   The libelants' contention rests on so substantial a departure from the stipulations of the bill of lading that I cannot sustain it; and I must, therefore, dismiss the libel; but under the circumstances, without costs.